### Ex Parte H. L. Johnson v. The State.

#### No. 3905. Decided June 24, 1908.

**Habeas Corpus—Depositions—Notary Public—Contempt—Witness—Statutes Construed.**

Under Revised Civil Statute, articles 2292, 2293, 2294 and 2297, with reference to the taking of depositions in civil cases, where a party refused to answer the interrogatories propounded to him by a codefendant in a civil suit, under a commission issued to a notary public, said notary public had no authority to fine said witness for contempt and commit him to jail; and under writ of habeas corpus the latter was entitled to his discharge.

From Fayette County.

Original application for a writ of habeas corpus, asking release from commitment under contempt proceedings before a notary public; relator refusing to answer as a witness certain interrogatories propounded to him by his codefendant in a civil case.

The opinion states the case.

*Jno. T. Duncan,* for relator.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is an original application for a writ of habeas corpus.

The facts show that there was a suit pending in Bexar County in which Dupree was plaintiff, and John Schuhmacher, August Loessein, sheriff of Fayette County, Levi Johnson, and H. L. Johnson (applicant), were defendants. That on the 4th day of May a commission to take the depositions of applicant was issued out of the County Court of Bexar County, directed to the clerk or any officer authorized to take depositions in Fayette County. That the depositions of applicant were sought by means of this commission. A copy of the interrogatories was not served upon applicant, but the commission was in proper form, and was placed in the hands of L. D. Brown, a notary public of Fayette County; that the notary public caused applicant to be brought before him for the purpose of answering the interrogatories

propounded and attached to the commission.  Upon being brought be-
fore the notary applicant refused to answer, whereupon the notary fined
him $10 and committed him to jail for three days.  This occurred on
the 4th of May, 1908.  On the 7th of the same month the notary or-
dered applicant again brought before him.  The second time he refused
to answer, and was again fined $10 and committed to jail for three
days.  This process of bringing applicant before the notary and his
refusal to answer, and fining and imprisoning process, were repeated
on the 9th of May, on the 11th of May, on the 14th of May, on the
16th of May, and on the 19th of May.  Applicant is in custody of the
sheriff declining to answer.  This is the substance and a brief statement
of the facts.  The application recites the further fact that the deposi-
tions of applicant were sought by his codefendant, Loessein, sheriff of
Fayette County.

Applicant's contention is that the notary public has no power or
authority, under the circumstances detailed, to punish recusant wit-
nesses for contempt, and his action is, therefore, illegal and void.

As applicable to the question involved, we quote the several articles
of the Revised Civil Statutes, as follows:  Article 2292:  "The deposi-
tion of either party to a suit who is a competent witness therein may be
taken in his own behalf in the same manner and with like effect with
the depositions of other witnesses."  Article 2293:  "Either party to
a suit may examine the opposing party as a witness, upon interrog-
atories filed in the cause, and shall have the same process to obtain his
testimony as in the case of any other witness, and his examination
shall be conducted and his testimony received in the same manner and
according to the same rules which apply in the case of any other wit-
ness, subject to the provisions of the succeeding articles of this chap-
ter."  Article 2294:  "It shall not be necessary to give notice of the
filing of the interrogatories or to serve a copy thereof on the adverse
party before a commission shall issue to take the answer thereto, nor
shall it be any objection to the interrogatories that they are leading in
their character."  Article 2297:  "If the party interrogated refuses to
answer, the officer executing the commission shall certify such refusal,
and any interrogatory which the party refuses to answer, or which he
answers evasively, shall be taken as confessed."

It will be observed from the facts in the case that applicant was a
party to the suit, whose depositions were sought by a codefendant, and
was treated as an adverse or opposing party by the codefendant who
sought his testimony.  The power to fine for contempt, under the cir-
cumstances of this case, was not extended to the notary public, nor
sought to be extended by the legislative department.  It would seem,
therefore, that the applicant is to be classed as a witness of the opposing
party.  This being true, the notary public had no authority to fine for
contempt, for the Legislature never sought to confer such authority
upon a notary public under the circumstances.  It does provide, in case
of a refusal to answer, that the interrogatory which the party refuses

to answer, or to one which he answers evasively, shall be taken as confessed. So, under this phase of the statute, there is no authority on the part of a notary public to punish for contempt. We, therefore, hold that the act of the notary public imposing a fine and incarcerating applicant in jail was without authority and void, and applicant is discharged from custody. Applicant will pay costs of this proceeding.

*Discharged.*